UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WREN THOMAS | * | CIVIL ACTION |
| VERSUS | * | NO. 15-3487 |
| EDISON CHOUEST OFFSHORE, LLC, GALLIANO MARINE SERVICE, LLC | * | SECTION: "H"(1) |
| AND OFFSHORE SERVICE VESSELS, LLC | * | HON. JANE TRICHE MILAZZO |
| | * | MAG. JUDGE JANIS VAN MEERVELD |

*****************************************

ORDER

Before the Court is the Motion to Compel Discovery filed by Plaintiff Wren Thomas (Rec. Doc. 81). For the following reasons, the Motion is DENIED.

Background

This lawsuit arises out of the capture by pirates of plaintiff Thomas while he served as captain on the vessel *C-Retriever* off the coast of Nigeria. (Rec. Doc. 1 ¶¶ IX, XXI-XXII). He alleges that during his 18 day captivity, he was malnourished and tortured, and he claims he suffered and continues to suffer from physical and emotional injuries. (Id. ¶¶ XXIII, XXV-XXVII). Thomas filed this lawsuit on August 14, 2015, against Edison Chouest Offshore, LLC, ("ECO"), Galliano Marine Service, LLC ("Galliano") and Offshore Service Vessels, LLC ("OSV" and with ECO and Galliano, "Defendants") alleging a Jones Act claim against the Defendants, asserting they were negligent, negligent per se, and grossly negligent for failing to adequately protect him. (Id.). On October 7, 2016, Thomas filed an amended complaint adding allegations regarding Defendants' handling of the negotiations that resulted in Thomas's release. (Rec. Doc. 83).

1

Discovery Issue

In discovery, Thomas requested "any and all statements taken from crewmembers by representatives of the Defendant . . . following the attack of October 22, 2013." Pl.'s Memo. in Support, Ex. 1, ECF No. 81-2, at 9. Defendants Galliano and OSV objected on the ground that the request "seeks information protected by the work product doctrine" and referred to "attached" documents on May 11, 2016. Id. It is not clear what documents were attached with this first response. On September 13, 2016, Galliano and OSV provided a supplemental response stating "Defendants object to Request for Production No. 30 because it seeks information and materials protected by the work product doctrine. Subject to the foregoing objection, see attached sworn statement and debriefing of Thomas Filio." Pl.'s Memo. in Support, Ex. 2, ECF No. 81-3, at 1. The sworn statement of Thomas Filio was taken on July 28, 2015, at the office of ECO with a Phelps Dunbar attorney present. Id. Phelps Dunbar represents Defendants in this litigation. On October 3, 2016, Galliano and OSV again supplemented their response, stating: "Defendants object to Request for Production No. 30 because it seeks information and materials protected by the work product doctrine. Subject to the foregoing objection, all statements in Defendants' possession have previously been produced." Pl.'s Memo. in Support, Ex. 3., ECF No. 81-4.

Thomas is confused because Defendants have not withdrawn their work product doctrine objection. Pl.'s Memo. in Support, ECF No. 81-1, at 2. He insists that Defendants must be compelled to produce a privilege log for documents they contend are protected or withdraw their work product doctrine objection if they have produced all statements. Id.

Defendants are confused by Thomas' Motion to Compel because they discussed the issue in a telephone discovery conference supplemented their response to assert that all statements in

their possession had been produced. Defs.'s Memo. in Opp., ECF No. 84, at 1. Defendants explain that they are asserting their work product doctrine objection because of their continuing obligation to supplement their discovery responses. Id. at 2. They insist they must do so "to avoid potentially waiving an objection in the event that additional statements are later discovered and/or obtained." Id. They note that under Rule 34(b)(2)(C) "[a]n objection must state *whether* any responsive materials are being withheld on the basis of that objection." They argue that the use of "whether" indicates that a party may assert an objection even if documents are not actively being withheld. Defs.'s Memo. in Opp., ECF No. 84, at 2.

The Court finds that Defendants' response is clear enough. They have produced all crew member statements in their possession. They maintain a work product doctrine objection as to any documents that may be created or discovered in the future. To the extent there was any doubt, their memorandum in opposition makes clear that they are not currently withholding any documents on the basis of the work product doctrine. The Court notes that Defendants' response could have been made clearer by affirmatively stating that "as of the date of this response, no documents are being withheld on the basis of the work product doctrine." Indeed, the Rule cited by Defendants in opposition requires as much. Further, it appears that Defendants discovered the Filio statement four months after their first discovery response even though the statement was taken by Defendants' counsel almost a year before that first response. Thus, it is not unreasonable that Thomas would question whether Defendants are currently withholding documents. Nonetheless, the Court finds that further supplementation is unnecessary in light of the representations in the parties' memoranda.

Accordingly, IT IS ORDERED that the Motion to Compel Discovery filed by Thomas (Rec. Doc. 81) is DENIED.

New Orleans, Louisiana, this 17th day of October, 2016.

_____
Janis van Meerveld
United States Magistrate Judge