UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WREN THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-3487** |
| **EDISON CHOUEST OFFSHORE** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Plaintiff's Appeal of the Magistrate Judge's Order Denying Motion to Compel Discovery (Doc. 66) and Plaintiff's Appeal of the Magistrate Judge's Order Denying Motion to Show Cause (Doc. 62). For the following reasons, the Magistrate Judge's decisions are AFFIRMED.

## BACKGROUND

Plaintiff alleges that he was employed as the Captain of the *C-Retriever*, owned by Defendant Edison Chouest Offshore, which was working off the coast of Nigeria when it was attacked by pirates. Plaintiff was forced to surrender and was held captive for 18 days, during which he was malnourished and tortured. Plaintiff alleges that prior to the attack, he repeatedly complained to Defendants, his employer, about the safety of the vessel and the threats he

1

had received over VHF radio and the vessel's cell phone. He alleges that Defendants knowingly exposed their employees to grave danger. Plaintiff brings suit under the Jones Act and general maritime law.

Plaintiff has filed the instant two Motions, appealing the magistrate judge's opinions on certain discovery issues. This Court will address each Motion in turn.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[8] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters.[9] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[10] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[11] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[12]

## LAW AND ANALYSIS

### A. Motion to Compel

In the course of discovery, Plaintiff made certain requests for information relating to the ransom paid for his release and the negotiations thereof. Defendants refused to produce this information, asserting that the requests were vague, overly broad, and sought information that was not

---

[8] 28 U.S.C. § 636(b)(1)(A).
[9] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[10] FED. R. CIV. P. 72(a).
[11] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).
[12] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

relevant to Plaintiff's claims. In addition, Defendants raised concerns that the information is of a highly sensitive nature and its release could be a threat to the public's safety. Plaintiff moved to compel production of this information. Addressing the parties' arguments, the magistrate judge denied Plaintiff's motion, holding that information regarding the negotiation of Plaintiff's release is not relevant to the allegations made in his Complaint. She noted that "[n]ot one allegation of negligence in Thomas's Complaint reference or suggests any issue with Defendants' handing of the hostage negotiations."[13] She also noted that the concern over public safety in maintaining the confidentiality of the ransom negotiations outweighed the possibility that it might contain some admissible information. Plaintiff now appeals the magistrate's order and asks this Court to reverse that decision.

Concurrent with Plaintiff's appeal of the magistrate's denial of his Motion to Compel, Plaintiff moved for leave to amend his Complaint. In his Amended Complaint, which the magistrate judge allowed, Plaintiff adds allegations that he suffered during "the period of ransom negotiations which [Defendants] handled, and was deprived of meals and other comforts on nights when the pirates were incensed by the negotiations."[14] Defendants point out that the Amended Complaint clearly seeks to rectify the deficiencies identified by the magistrate judge and add allegations to put Defendants on notice that Plaintiff intends to pursue claims relating to the negotiation of his release. This development moots parts of the magistrate judge's reasoning for refusing to allow discovery of Defendants' negotiations.

That said, this Court holds that the magistrate judge did not err in her decision in light of the Complaint as it stood at that time. Plaintiff's original

---

[13] Doc. 63.
[14] Doc. 83.

3

Complaint failed to put Defendants on notice that its negotiations with the pirates were at issue. In addition, the prejudicial nature of the requested discovery far outweighed the possibility that it might prove probative. For those reasons, the magistrate judge's denial of Plaintiff's Motion to Compel based on his original Complaint is affirmed.

### B. Motion to Show Cause for Confidentiality and Protection

Next, Plaintiff complains about the breadth of documents that Defendants have marked "confidential" through the course of discovery. At the outset of this litigation, the parties entered into a protective order, which stated that the parties can designate documents produced in discovery as "confidential" if they "contain trade secrets, sensitive security information and/or other confidential research, development, or commercial information."[15] Defendants marked more than 1,600 documents as confidential, and Plaintiffs have challenged that designation as to roughly 1,000 documents. Plaintiff filed a motion to require Defendants to show cause why those documents should be marked confidential. The magistrate judge denied that motion, holding that Plaintiff is not prejudiced by the designation of documents as confidential for discovery purposes. She also held that Defendants had demonstrated that the documents were properly marked as confidential.

Plaintiff appealed the magistrate judge's order and asks this Court to reverse her decision. Plaintiff complains that the magistrate's holding "effectively requires much of the future pretrial motion practice in this case be done under seal and kept from the public."[16] The basis for Plaintiff's objection, however, is flawed. The protective order merely addresses the confidentiality of documents as between the parties and prohibits their distribution outside of

---

[15] Doc. 19.
[16] Doc. 62-3.

this litigation. As to the sealing of documents, it states that "[t]he parties shall refer to the procedure set forth in this Court's standing Order . . . for information sought to be sealed."[17] The protective order does not, therefore, purport to establish that every document marked "confidential" must be sealed in the record.

Indeed, in the Eastern District of Louisiana, the sealing of documents is governed by Local Rule 5.6. Pursuant to this Rule, a party seeking to seal a document must file a motion stating why it is necessary that the document be sealed. This Court has repeatedly held that the designation of a document as "confidential" is alone insufficient to support the sealing of a document in the record.[18] Accordingly, Plaintiff need not be concerned that the magistrate's order—which merely held that Defendants had grounds to maintain the confidential designation of the documents at issue—will result in the automatic sealing of those documents. This Court will determine on an individual basis which documents should be sealed prior to their use at trial or in support of pre-trial motions. Accordingly, the magistrate correctly held that Plaintiff is not prejudiced by the designation of certain documents as confidential. In addition, this Court finds that the magistrate did not err in concluding that Defendants had "demonstrated sufficient grounds for maintaining the confidentiality" of those documents.

---

[17] Doc. 19.
[18] *See* Civ. No. 15-3971, Doc.75.

## **CONCLUSION**

For the foregoing reasons, the magistrate judge's orders are AFFIRMED.

New Orleans, Louisiana this 18th day of October, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**