UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WREN THOMAS | * | CIVIL ACTION NO. 15-3487 |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| EDISON CHOUEST OFFSHORE, LLC ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

ORDER AND REASONS

Before the Court are (1) the Motion to Compel Plaintiff to Submit to an Independent Medical Examination (Rec. Doc. 106) and (2) the Motion to Compel Plaintiff to Submit to a Vocational Rehabilitation Evaluation (Rec. Doc. 116). For the following reasons, the Motions are GRANTED.

Background

This lawsuit arises out of the capture by pirates of plaintiff Thomas while he served as captain on the vessel *C-Retriever* off the coast of Nigeria. (Rec. Doc. 1, ¶¶ IX, XXI-XXII). He alleges that during his 18 day captivity he was malnourished and tortured. Id. ¶ XXIII. As a result, he says he suffers from physical injuries and "severe emotional distress and mental anguish, including Post-Traumatic Stress Disorder (PTSD) and sleep disorders, increased blood pressure, infection," as well as "anxiety, inconvenience [and] humiliation." Id. ¶¶ XXVI, XXXIV. He alleges that he was rendered "unable to work for a period of time" and is "unable to return to his calling." Id. ¶ XXIX. In addition to past and future medical expenses, he says he has suffered "a substantial loss of wages due to the injury and will continue to do so in the future." Id. ¶ XXXIV.

Thomas filed this lawsuit on August 14, 2015, against Edison Chouest Offshore, LLC, ("ECO"), Galliano Marine Service, LLC ("Galliano") and Offshore Service Vessels, LLC ("OSV"

and with ECO and Galliano, "Defendants") alleging a Jones Act claim against the Defendants, asserting they were negligent, negligent per se, and grossly negligent for failing to adequately protect him. Id.  On October 7, 2016, Thomas filed an amended complaint adding allegations regarding Defendants' handling of the negotiations that resulted in Thomas's release. (Rec. Doc. 83).

The deadline for Defendants to submit their expert reports is February 10, 2017. (Rec. Doc. 58). On January 4, 2017, Defendants' counsel reached out to Plaintiff's counsel and requested an independent medical examination of Thomas to be performed by psychiatrist Dr. Roniger. (Defs.' Ex. A, Rec. Doc. 106-2). In that email, Defendants' counsel provided several potential dates in January and early February. Id.  It appears that Plaintiff's counsel first responded on January 10, 2017, suggesting a discovery conference on the issue. (Defs. Ex. B, Rec. Doc. 106-3). It is unclear whether the parties discussed the matter over the phone, but on January 17, 2017, Plaintiff's counsel e-mailed Defendants' counsel and stated that he did not think the examination was automatically permitted under the rules, that he believed Thomas had seen a sufficient number of medical practitioners, and finally, that he wanted to know what limitations would be allowed, including timing, the scope of questioning, recordation of the exam, and whether counsel could be present. (Defs. Ex. C, Rec. Doc. 106-4). Faced with the looming expert report deadline, Defendants filed a Motion to Compel the Independent Medical Examination. (Rec. Doc. 106).

On January 25, 2017, Defendants' counsel contacted Plaintiff's counsel and requested Thomas's availability to meet with Defendants' vocational rehabilitation expert, Nancy Favaloro. (Defs.' Ex. B, Rec. Doc. 116-2). Plaintiff's counsel responded on January 30, 2017, with a request that Defendants' cite the rule of procedure or case law entitling them to a vocational rehabilitation

exam. Id. That same day, Defendants filed a Motion to Compel the Plaintiff to Submit to a Vocational Rehabilitation Examination. (Rec. Doc. 116).

Law and Analysis

1. *Standard of Review*

Upon good cause shown by the moving party, the court may order a physical or mental examination of a party by a suitably licensed or certified examiner when the party's physical or mental condition is in controversy. Fed. R. Civ. Proc. 35(a)(1). While conclusory allegations in the pleadings are not sufficient to meet the "good cause" and "in controversy" requirements of Rule 35, the Supreme Court has recognized that in some cases, the pleadings alone will satisfy the Rule's requirements. Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). For example, "[a] plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id. (citation omitted). In determining whether good cause exists, courts also frequently look "to whether the plaintiff has retained his own experts, and whether he intends to prove his claims through their testimony at trial." Ornelas v. S. Tire Mart, LLC, 292 F.R.D. 388, 392 (S.D. Tex. 2013).

With regards to the requirement that the examiner be suitably licensed or certified, "[a] 'suitably licensed or certified examiner' under Rule 35 includes a vocational-rehabilitation expert." Fischer v. Coastal Towing Inc., 168 F.R.D. 199, 201 (E.D. Tex. 1996) (quoting Fed. R. Civ. Proc. 35); see Monroe v. Cooper/T. Smith Stevedoring Co., No. CIV.A. 06-933-B-M2, 2008 WL 687196, at *3 (M.D. La. Mar. 10, 2008) (explaining that the 1991 amendments extended Rule 35 to certified or licensed professionals including dentists, occupational therapists and vocational rehabilitation experts). For example, in Monroe, the Middle District of Louisiana held that the

3

defendant had established good cause for an order requiring the plaintiff to submit to a vocational rehabilitation examination where plaintiff had alleged damages for loss of earnings and/or earning capacity and had submitted the plaintiff for an examination with his own vocational rehabilitation expert. 2008 WL 687196, at *3.

In some cases where an independent medical exam is warranted, it may be appropriate for the court to impose certain conditions or limitations. Where a party seeks to record the examination or requests that counsel be present, courts require the party to demonstrate "special circumstances" establishing good cause for such attendance. Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 556-557 (D. Conn. 2006); EEOC v. Grief Brothers Corp., 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); see Ferrell v. Shell Oil Co., No. CIV. A. 95-0568, 1995 WL 688795, at *2 (E.D. La. Nov. 20, 1995) ("The federal rules are clear that, *except for interviews permitted under Rule 35,* interviews are to be allowed only in the presence of counsel.") (quoting Acosta v. Tenneco Oil Co., 913 F.2d 205, 210 (5th Cir. 1990) [1]). For example, where defendants sought a "swab" test of the 7-year old plaintiff to determine paternity, a court in this district ordered that counsel could be present "given [plaintiff's] age and vulnerability, as well as the fact that the presence of additional persons will not impact the test." Howell v. Hillcorp Energy Co., Civ. Act. No. 12-293, 2013 WL 1455758, at *6 (E.D. La. Apr. 9, 2013).

However, where there is no reason to believe improper or harmful techniques may be used or that there is a risk of miscommunication, courts will not allow a party's attorney to attend. See Favale, 235 F.R.D. at 556; EEOC, 218 F.R.D. at 64. "[T]o allow a third person to be present at [a

---

[1] Although the United States Fifth Circuit Court of Appeals in Acosta held that the plaintiff was entitled to have counsel present at a vocational rehabilitation examination, the opinion was issued before the 1991 amendments to the Federal Rules of Civil Procedure extended Rule 35 examinations to include other professionals. See Ornelas v. S. Tire Mart, LLC, 292 F.R.D. 388, 396 (S.D. Tex. 2013) (explaining that the Acosta holding regarding counsel's presence at a vocational rehabilitation expert examination was abrogated by the amendment to Rule 35 because such examinations are now pursuant to Rule 35).

psychiatric] examination would subvert the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regarding to evaluating the plaintiff's mental status." Favale, 235 F.R.D. at 557 (quoting Duncan v. Upjohn Co., 155 F.R.D. 23, 26-27) (first alteration in original); see Haensel v. Chrysler Corp., No. CIV. A. 96-1103, 1997 WL 537995, at *1 (E.D. La. Aug. 25, 1997) (affirming the magistrate judge's order that plaintiff was not entitled to have his attorney or psychologist present at a psychiatric examination with Dr. Roniger, noting that third party observers may "contaminate a mental examination"); Ferrell v. Shell Oil Co., No. CIV. A. 95-0568, 1995 WL 688795, at *2 (E.D. La. Nov. 20, 1995) ("[T]he presence of a third person 'is inimical to the conduct of a valid psychiatric examination,' which requires 'an unimpeded, one-on-one exchange between the doctor and the patient.'") (quoting Tomlin v. Holecek, 150 F.R.D. 628, 631–32 (D. Minn. 1993)). Where the plaintiff has been examined by his own expert outside of the presence of observers, "the defendant should be afforded the same opportunity." Favale, 235 F.R.D. at 557.

2. *Independent Medical Exam*

Defendants argue that Thomas's mental condition has been placed in controversy because he seeks damages for several emotional and mental conditions that he alleges resulted from his capture. (Defs. Mem. Supp., at 3, Rec. Doc. 106-1). They add that Thomas is regularly treating with a psychiatrist. Id. Defendants also point out that Thomas has retained Dr. Howze to provide testimony concerning Thomas's alleged mental condition. (Reply, at 6, Rec. Doc. 118-2). Thomas's memorandum in opposition appears to be focused on convincing the district judge that Defendants waited too long to make their request for the independent medical examination and are not entitled to an extension of their expert report deadline. (Pl.'s Opp., Rec. Doc. 114). Thomas

5

submits that Defendants failed to act diligently by waiting more than a year to request the examination. Id. at 2. Thomas does not seem to dispute that his mental condition is in controversy.

On February 1, 2017, the undersigned conducted a telephone status conference with the parties. During the conference, Thomas's counsel argued that in addition to objecting to the independent medical examination on timeliness, limitations on the exam would be appropriate. When pressed, counsel said that Dr. Roniger should not be permitted to question Thomas on issues related to liability or negligence because such questioning would amount to interrogation of his client without the presence of counsel, which Thomas asserted was a "constitutional right." Counsel added that they worried the exam might last multiple days.

The Court finds that Thomas's mental condition is clearly in controversy and that good cause for an independent psychiatric examination has been established. Thomas claims he has suffered mental and emotional damages and, therefore, Defendants are entitled to an examination to determine the existence and extent of the alleged injuries. Thomas's counsel argued that certain limitations should be imposed. However, the Court finds that Thomas has failed to establish any basis for allowing counsel to be present. There is no reason to believe that there is a risk of injury, miscommunication, or the use of improper techniques by Dr. Roniger.  The Court also finds that there is no basis to believe that Dr. Roniger's examination would be excessively long or intrusive. Further, the Court finds that it would be inappropriate to limit the areas of inquiry because discussing the factual basis for Thomas's mental conditions may be part of the psychiatric analysis. If the report includes conclusions or Thomas's statements regarding liability or other areas outside the scope of Dr. Roniger's expertise, Thomas is free to move to exclude such evidence from presentation at trial. The Court finds that the only appropriate limitations on the scope of questioning and tests are those imposed by Dr. Roniger himself based his professional experience.

Regarding Thomas's claims of untimeliness, the Court notes that neither the expert report deadlines nor the discovery deadlines have expired so timeliness cannot serve as a bar to the scheduling of an independent medical examination. Further, the Court finds that Defendants' request on January 4, 2017, was made well in advance of their February 10, 2017, expert report deadline and it appears that Thomas's delay and vagueness in presenting his objections to the examination are the only reason Defendants have run up against the deadline. The District Judge will determine whether extension of the expert report deadline is warranted in this case.

3. *Vocational Rehabilitation Exam*

Defendants argue that they are entitled to compel Thomas to submit to an independent examination with a vocational rehabilitation expert. They say that Thomas has claimed that he cannot return to work as a captain and that he has presented in person to his own vocational rehabilitation expert. Thomas opposed the motion orally at the status conference set in this matter, arguing that limitations should be imposed on the scope of questioning to prevent interrogation on issues of liability.

The Court finds that Thomas has put his ability to work at issue by claiming lost past and future wages as a result of the alleged injury. The fact that Thomas has had a vocational rehabilitation expert report prepared to assist in proving his case further demonstrates that his ability to work is in controversy.  Further, the Court finds that Defendants have shown good cause for an examination by vocational rehabilitation expert Nancy Favaloro, who will assess Thomas's ability to work so Defendants' can determine the existence and extent of Thomas's claimed injury. There is no indication that Ms. Favaloro will employ improper techniques or any other circumstance that would warrant limitation of the examination beyond those limits set by Ms. Favaloro in her professional opinion. There is no special circumstance that would warrant the

7

presence of counsel. Defendants must be afforded the opportunity to have an expert examine Thomas outside the presence of observers to ensure equal footing with the Plaintiff in assessing his physical and mental condition. If the report includes conclusions or Thomas's statements regarding liability or other areas outside the scope of Ms. Favaloro's expertise, Thomas is free to move to exclude such evidence from presentation at trial.

## Conclusion

For the foregoing reasons, the Motion to Compel Plaintiff to Submit an Independent Medical Examination (Rec. Doc. 106) is GRANTED. Plaintiff shall submit for a psychiatric examination with Dr. Roniger at Dr. Roniger's office in New Orleans at a time mutually convenient to the Dr. Roniger and Thomas. Further, the Motion to Compel Plaintiff to Submit to a Vocational Rehabilitation Evaluation (Rec. Doc. 116) is GRANTED. Plaintiff shall submit for a vocational rehabilitation examination with vocational rehabilitation expert Nancy Favaloro at Ms. Favaloro's office in New Orleans at a time mutually convenient to Ms. Favaloro and Thomas.

New Orleans, Louisiana, this 2nd day of February, 2017.

_____
Janis van Meerveld
United States Magistrate Judge