UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WREN THOMAS | * | CIVIL ACTION NO. 15-3487 |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| EDISON CHOUEST OFFSHORE, LLC ET | * | |
| AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Quash Subpoena filed by Defendants Galliano Marine

Services, LLC and Offshore Service Vessels, LLC. For the following reasons, the Motion is

DENIED.

Background

This lawsuit arises out of the capture by pirates of plaintiff Thomas while he served as

captain on the vessel *C-Retriever* off the coast of Nigeria. (Rec. Doc. 1, ¶¶ IX, XXI-XXII). He

alleges that during his 18-day captivity he was malnourished and tortured, and he claims he

suffered and continues to suffer from physical and emotional injuries. (Id. ¶¶  XXIII, XXV-

XXVII). Thomas filed this lawsuit on August 14, 2015, against Edison Chouest Offshore, LLC,

("ECO"), Galliano Marine Service, LLC ("Galliano") and Offshore Service Vessels, LLC ("OSV"

and with ECO and Galliano, "Defendants") alleging a Jones Act claim against the Defendants,

asserting they were negligent, negligent *per se*, and grossly negligent for failing to adequately

protect him. Id.  On October 7, 2016, Thomas filed an amended complaint adding allegations

regarding Defendants' handling of the negotiations that resulted in Thomas's release. (Rec. Doc.

83).

1

On January 10, 2017, Thomas issued a subpoena to the American Bureau of Shipping ("ABS") requesting "Any and all records pertaining to the Edison Chouest Vessels "C-Retriever, FAST SERVANT, and/or C-Endeavor along with any communications or documentation between you and Edison Chouest relating to safety or security in West Africa." (Rec. Doc. 117-2). On January 30, 2017, Galliano and OSV filed a Motion to Quash the Subpoena. (Rec. Doc. 117). They argue that the subpoena is overly broad because it seeks records related to two vessels (*Fast Servant* and *C-Endeavor*) that were not involved in Thomas's capture. (Rec. Doc. 117-1, at 1-2). They concede that "records pertaining to the safety and security of those vessels in West Africa might be relevant," but submit that the "wide variety of remaining documents held by ABS are not." Id. at 2. They do not describe the "wide variety of remaining documents" that might be held by ABS which, in their opinion, are not relevant. They also complain that Thomas has not limited his request to a particular time period. Id. In reply, they reiterate that the subpoena must be limited to documents related to safety and security within a reasonable time frame of the incident. (Rec. Doc. 133, at 3). They do not indicate what an appropriate time limitation would be or why.

Galliano and OSV assert that they have standing to challenge the subpoena because the subpoena seeks documents and materials to which they have an interest. (Rec. Doc. 117-1, at 1). In reply, they assert that "[i]t goes without saying that the information includes proprietary and confidential information concerning vessels in which [Galliano and OSV] have an interest." (Rec. Doc. 133, at 2). The Court notes that the subpoena refers to ECO vessels, but ECO is not a party to the Motion to Quash. Although Galliano and OSV did not move for a protective order, they note in reply that a protective order could be issued to limit the scope of discovery even if they do not have standing to challenge the subpoena under Rule 45. Id.

In reply, Galliano and OSV also submit that Thomas is misstating the scope of his own subpoena. Id. at 3. They argue that they "were never under the impression that the subpoena was seeking information relative to other vessels." Id. The Court finds Galliano and OSV's interpretation of the subpoena untenable. The subpoena clearly requests two categories of documents; (1) documents pertaining to the *C-Retriever*, *Fast Servant*, and/or *C-Endeavor* and (2) communications or documentation between ECO and ABS "relating to safety or security in West Africa." (Rec. Doc. 117-2).  The second category would not be necessary to list if it was included in the first category. Moreover, the language "along with" does not mean "including" as Galliano and OSV appear to have interpreted the phrase. (Rec. Doc. 117-1, at 1). Galliano and OSV argue that regardless of how the subpoena is interpreted, the Court should limit the subpoena to documents pertaining to the three vessels and related to safety and security over a reasonable time period. (Rec. Doc. 133, at 3).

Thomas opposes the Motion to Quash, arguing first that Galliano and OSV lack standing to quash the subpoena on the basis of overbreadth or irrelevance. (Rec. Doc. 125, at 1). Thomas points out that although they make one conclusory and unsubstantiated assertion that they have an interest and privilege in the documents,[1] the basis asserted for quashing the subpoena is actually over breadth and relevance. Id. at 2. Thomas insists that Galliano and OSV lack standing to challenge the subpoena on these grounds because they are not the party subject to the subpoena. Id. Thomas argues that his request for documentation and communications between ECO and ABS regarding "safety and security" should not be limited to communications regarding the three

---

[1] Thomas did not have an opportunity to respond to Galliano and OSV's argument in reply that the documents contain confidential and proprietary information. The Court is sympathetic to Thomas's concern that Galliano and OSV would use their reply to elaborate on their original conclusory statement regarding standing, thereby preventing Thomas from having a meaningful opportunity to respond. (Rec. Doc. 125, at 2 n.3). However, the Court is denying the Motion to Quash and finds that a sur-reply is not necessary here.

listed vessels because any communications between ECO and ABS regarding "safety and security" are relevant to a determination of ECO's knowledge of the safety and security risks and measures for mitigating those risks. Id. at 3. Thomas argues that his request for information regarding the three listed vessels should not be limited to "safety and security" information because the only other subject area about which ABS might have information is environmental compliance and ECO has already produced environmental compliance documents to Thomas in discovery. Id. at 3-4. Finally, Thomas argues that his document request should not be limited to a certain time period because any lessons ECO may have learned from ABS about safety and security in West Africa at any time would be relevant. Id. at 4.

Law and Analysis

1. *Standard of Review*

Under Rule 45, the Court may quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3); see Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 817–18 (5th Cir. 2004).

While the subpoena rules do not explicitly mention relevance, the undue burden analysis is tied to a relevance inquiry. The Fifth Circuit, for example, instructs "To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." Id. at 818. A district court in Texas held that "[w]hen a subpoena is issued as a discovery device, relevance for purposes of the

undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)," and then applied the proportionality analysis of the new rule. Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC, 313 F.R.D. 39, 44–45 (N.D. Tex. 2015) (alteration in original) (quoting Williams v. City of Dallas, 178 F.R.D. 103, 110 (N.D. Tex. 1998)).

Typically, a subpoena is challenged by the party subpoenaed. The Fifth Circuit has held that defendants could not challenge a subpoena issued to a third party because they were not "in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed." Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979). Although Brown concerned a subpoena under 35 U.S.C. § 24, courts have come to the same conclusion for a Rule 45 subpoena. E.g., Campbell v. GECOS G.M.B.H., No. 6:12-CV-01251, 2012 WL 4483528, at *1 (W.D. La. Sept. 26, 2012) ("A party may not, however, challenge a subpoena directed to a third party on the grounds that the information sought is irrelevant or imposes an undue burden."); Frazier v. RadioShack Corp., No. CIV.A. 10-855-BAJ-CN, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds"); Weatherly v. State Farm Fire & Cas. Ins. Co., No. CIV.A. 07-4371-EEH-S, 2009 WL 1507353, at *2 (E.D. La. May 28, 2009) (holding that defendant did not have standing to challenge the subpoena where it had no privilege over the documents); 9A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 2463.1 (3d ed.) ("Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena.").

Nonetheless courts have also held that a party "has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." Bounds v. Capital Area Family Violence Intervention Ctr., Inc., 314 F.R.D. 214, 218–19 (M.D. La. 2016). Rule 26(c) provides that the Court "may, for good cause," protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by issuing an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Proc. 26(c)(1)(D). To satisfy "good cause," "[t]he burden is upon the movant to show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1325–26 n. 3 (5th Cir. 1978).

*2. ABS Subpoena*

Galliano and OSV lack standing to challenge the subpoena via a motion to quash. Although they attempt to elaborate on their conclusory allegation of privilege by stating that the subpoena seeks documents that are "proprietary and confidential," this remains insufficient to establish standing here. As a preliminary matter, it is unclear what relationship Galliano and OSV have to vessels owned by ECO or communications between ECO and ABS. Even if a relationship was established, Galliano and OSV have failed to describe the documents with any specificity, much less what makes them proprietary and confidential. The Court cannot determine whether the documents are entitled to protection. Moreover, to the extent confidentiality is the concern, the Court notes that the parties have already entered into a blanket protective order to prevent disclosure of confidential information. (Rec. Doc. 19). Finally, as Thomas points out, Galliano and

6

OSV do not seem to argue that the privileged nature of the documents is the reason why this Court should quash the subpoena. Instead, they argue that the subpoena seeks documents that are outside the scope of Rule 26.

As noted above, even where a party does not have standing to quash a subpoena, the Court can limit the scope of discovery via a protective order. Galliano and OSV have not moved for this relief. Nor have they made any attempt to establish good cause for a protective order. They will not suffer any burden or expense because they are not the ones responding to the subpoena. They have not established any annoyance, embarrassment, or oppression. Moreover, the documents subpoenaed by Thomas appear to be relevant to the dispute. Communications between ECO and ABS regarding safety or security in West African waters as to any vessel could be relevant to a determination of ECO's knowledge of the piracy risks and the available or recommended security measures. Further, ABS documents regarding the *C-Retriever*, *Fast Servant*, and/or *C-Endeavor* (all vessels that have been attacked by pirates) could shed light on the same question. While a temporal limit might be appropriate, Galliano and OSV have not argued what a reasonable time limit would be and why.

Galliano and OSV also argue that the subpoena should be limited to documents related to safety and security. They do not offer any explanation of what other documents would be subject to the subpoena or why the production of such documents would cause embarrassment or oppression. The conclusory allegation that the documents are confidential and proprietary is insufficient for this Court to find good cause to limit the subpoena's scope.  Further, as noted above, to the extent confidentiality of the subpoenaed documents is the concern, the parties have already entered into a blanket protective order to prevent disclosure of confidential information. (Rec. Doc. 19).

Conclusion

For the foregoing reasons, the Motion to Quash is DENIED.


New Orleans, Louisiana, this 15th day of February, 2017.


_____
Janis van Meerveld
United States Magistrate Judge